# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

SHAWNTAY ORTIZ, individually and on
behalf of L.J., her minor son, and as the Personal
Representative of MARTIN JIM, deceased,

       Plaintiff,

vs.                                         Cause No. 1:18-cv-00713-JCH-KRS

JOSHUA MORA, in his individual capacity,
BOARD OF COUNTY COMMISSIONERS
OF BERNALILLO COUNTY, and BERNALILLO
COUNTY SHERIFF MANUEL GONZALES, III,

       Defendants.

## STIPULATED ORDER APPOINTING GUARDIAN AD LITEM

THIS MATTER having come before the Court on the joint motion of the parties for the appointment of a Guardian Ad Litem to assist the Court in evaluating a proposed settlement of this litigation, the Court having reviewed the pleadings and being otherwise fully advised, hereby finds:

1. A Guardian Ad Litem should be appointed by this Court in connection with the Court's approval of a settlement involving minor child, L.J.

2. The Guardian Ad Litem should be appointed to investigate on behalf of the Court into the fairness and reasonableness of the settlement and its effect on the minor child, L.J.

3. The Guardian Ad Litem's appointment does not contemplate representation of the Plaintiff or the minor child as an advocate, but only as a functionary of the Court.

4. The Guardian Ad Litem's responsibilities under this appointment are to the Court, and not to the Plaintiff or the minor child. The Plaintiff in this matter is already represented by

counsel, and the Guardian Ad Litem under this appointment should not be requested to invade or interfere with counsel's responsibility to adequately and effectively represent the Plaintiff.

5. There are strong public policy reasons to grant immunity to the Guardian Ad Litem in this case, who is acting as an "Arm of the Court" and is performing an essential role in this Court's Administration of Justice, as the Judge's assistant.

6. All immunities and privileges available to the Guardian Ad Litem, as articulated by the New Mexico Supreme Court in *Collins v. Tabet*, 1991-NMSC-013, 111 N.M. 391, 806 P.2d 40 (1991) should be extended to the Guardian Ad Litem in this matter.

7. The Court has considered the factors, and balancing test set forth by the New Mexico Supreme Court in *Leyba v. Whitley and Shapiro*, 120 N.M. 768, 907 P.2d 172 (1995), in determining the Guardian Ad Litem's duties, and finds that no duty is owed by the Guardian Ad Litem to the Plaintiff or minor child in this case.

8. Gabrielle Valdez is qualified to perform as a Guardian Ad Litem in this matter.

9. Defendant Board Of County Commissioners Of Bernalillo County has agreed to pay for the cost of Ms. Valdez' services.

THEREFORE IT IS HEREBY ORDERED, ADJUDGED AND DECREED, that Gabrielle Valdez , shall be, and hereby is, appointed Guardian Ad Litem as an "Arm of the Court," appointed in connection with this Court's consideration of a settlement involving the minor child, L.J. Gabrielle Valdez shall be absolutely immune from any liability for her actions taken pursuant to this appointment, insofar as her conduct in the case is as a result of an investigation on behalf of this Court into the fairness and reasonableness of the settlement in its effect on the minor child. L.J. The Guardian Ad Litem's duties and obligations are owed to the Court, and not to the Plaintiff or the minor child, L.J.

This appointment of Gabrielle Valdez as Guardian Ad Litem is intended to convey upon Ms. Valdez all of the immunities and protection available under *Collins v. Tabet,* 1991-NMSC-013,111 N.M. 391, 806 P.2d 40 (1991).

_____
**THE HONORABLE KEVIN R. SWEAZEA**
United States District Court Judge